IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-01682-RPM

ROXANNE MOFFITT PIGNANELLI,

        Plaintiff,

v.

PUEBLO SCHOOL DISTRICT NO. 60,
DR. JOYCE F. BALES, individually and in her capacity as
Superintendent of Pueblo School District No. 60, and
KATHLEEN KENNEDY, individually and in her capacity as
President of Pueblo School District No. 60's Board of Education,

        Defendants.

---

ORDER FOR AWARD OF ATTORNEY FEES

---

On June 4, 2007, the defendants filed a motion for an award of fees to their attorneys in the amount of $55,441.00 and attached supporting material. The motion asserts that fees should be awarded under 42 U.S.C. § 1998 because the plaintiff's claims were without factual or legal foundation, making the action frivolous, unreasonable or without foundation within the meaning of *Christianburg Garment Co. v. EEOC, 434* U.S. 412 (1978). The plaintiff filed her response on June 22, 2007. The defendants replied on July 9, 2007, and on July 20, 2007, an order entered deferring ruling on the motion for attorneys' fees pending outcome of appeal to the Tenth Circuit Court of Appeals.

The appeal was decided by the Tenth Circuit on September 10, 2008, by a published opinion and that court entered a judgment affirming this court's judgment

of dismissal on summary judgment. After review of that opinion and this Court's analysis of the issues, the defendants' motion will be granted but in a reduced amount because it cannot be said that the entire action was frivolous. The law concerning the exercise of a public employee's First Amendment rights in the context of the electoral process has been and remains uncertain in its dimensions. The thrust of the plaintiff's claims in this action was that her part-time teaching position was not renewed because she challenged her employer by seeking election to the position of a member of the governing school board. The plaintiff attempted to couch her claims in freedom of speech, denial of due process and equal protection claims, none of which could be based on well-established precedent. While this Court dismissed all of the claims, the Court of Appeals, in its affirming opinion, gave serious consideration to her claim of job loss by denial of equal protection of the law which, in turn, was based on a "class-of-one" theory. The Tenth Circuit Court of Appeals had previously recognized the viability of a class-of-one equal protection theory based on governmental animosity in *Bartell v. Aurora Pub.Schs.,* 263 F.3d 1143, 1148-49 (10th Cir. 2001).

That previous opinion was effectively overruled by the opinion deciding this case, based on intervening Supreme Court authority.

While it cannot be said that this entire civil action was frivolous or groundless, the confusion arising from the plaintiff's mixture of claims and legal theories unnecessarily complicated this case and required more legal services in the defense than would be expected if the pleadings had been presented with

2

more clarity. Under these circumstances, the Court concludes that a reasonable fee for the defense of the meritless claims in this case is $26,000.00. Accordingly, it is

ORDERED that the plaintiff Roxanne Moffitt Pignanelli shall pay the defendants the sum of $26,000.00 as reimbursement for fees paid to their counsel in the defense of meritless claims in this case.

DATED: October 9th, 2008

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge